IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARY THOMAS,

      Plaintiff,

  v.                                        Civil Action 2:20-cv-5268
                                              Judge Sarah D. Morrison
                                              Magistrate Judge Jolson

KEVIN O BRIEN &
ASSOCIATES CO., L.P.A., et al.,

      Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on the September 16, 2021, Order to Show Cause. (Doc. 3). For the following reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure.

**I.    BACKGROUND**

Plaintiff filed this class action complaint on October 7, 2020, alleging that Defendants' debt collection efforts violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (*See generally* Doc. 1). Plaintiff brings this claim on behalf of a class of similarly situated individuals. (Doc. 1 at 3–6). Plaintiff alleges that on March 27, 2020 Defendant sent Plaintiff a collection letter that was "deceptive and misleading" and that was "threatening or harassing." (Doc. 1 at 6–8) Plaintiff seeks statutory damages, actual damages, and attorney's fees. (Doc. 1 at 9–10).

On October 8, 2020, Plaintiff issued a summons for Defendant Kevin O Brien & Associates Co., L.P.A. (Doc. 2). No summons was ever returned, executed or otherwise. On September 16, 2021, the Undersigned ordered Plaintiff to move for an entry of default or show cause by

September 30, 2021. (Doc. 3). The show cause order made it clear that failure to respond may result in a recommendation that Plaintiff's case be dismissed for failure to prosecute. (Doc. 3).

## II. STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## III. DISCUSSION

On balance, the factors set forth in *Schafer* support dismissal. Plaintiff has not communicated with the court since this case was filed 11 months ago and Plaintiff failed to respond to the Court's Show Cause Order. (Doc.3). The absence of any communication from Plaintiff to

the Court clearly indicates that Plaintiff has "a reckless disregard for the effect of [her] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, a defendant is prejudiced whenever she has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). "[A] plaintiff's failure to serve process in a timely manner may in some cases amount to a failure to prosecute . . . and a district court may dismiss an action on this ground, Fed.R.Civ.P. 41(b)." *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1278 (9th Cir. 1980) (internal citation omitted). Plaintiff's failure to serve defendant in this case weights in favor of dismissal. S*ee Fisher v. Longtin*, No. 3:19-CV-00769, 2020 WL 1979654, at *1 (M.D. Tenn. Apr. 6, 2020), report and recommendation adopted, No. 3:19-CV-00769, 2020 WL 1976179 (M.D. Tenn. Apr. 24, 2020) (dismissing without prejudice under Rule 41(b) for failure to serve defendants).

The third and fourth factors weigh in favor of dismissal. The Court warned Plaintiff in its Show Cause Order that failure to comply with the order would result in an order that this case be dismissed. (Doc. 3). Furthermore, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite warning of sanction. Because lesser sanctions would be futile, dismissal of Plaintiff's action is appropriate here. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014)

(dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause").

### IV. CONCLUSION

For the reasons that follow, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute under Rule 41.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  October 4, 2021                                              /s/ Kimberly A. Jolson
                                                                    KIMBERLY A. JOLSON
                                                                    UNITED STATES MAGISTRATE JUDGE